CLD-070                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3746
_____

JAMES DAVIS,
                              Appellant

v.

SUPERINTENDENT SOMERSET SCI; DEPUTY SUPERINTENDENT GEHLMAN;
HEALTH CARE ADMINISTRATOR DENISE THOMAS; HEALTH CARE
ADMINISTRATOR GERALD PUSKAR; DR. MASON (P.T.); MICHELE
SWANHART, R.N.; ALL DEFENDANTS EMPLOYED BY PENNSYLVANIA
DEPARTMENT OF CORRECTIONS AT SOMERSET; JOHN DOE PUBLIC
EMPLOYEE INSURANCE PROVIDER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-14-cv-00024)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 23, 2014
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 7, 2015)
_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

James Davis appeals from the District Court's dismissal of his complaint with prejudice. Because his appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Davis's amended complaint, removed from state court, alleged violations of his rights under the First and Eighth Amendments. According to Davis, he was an inmate at the State Correctional Institution at Somerset ("SCI Somerset") on December 17, 2011, when he slipped and fell on ice at the entrance to his housing unit. Davis suffered injuries to his right knee and right shoulder and was taken to the Somerset Hospital for treatment. He alleged that the hospital recommended he be immediately referred to an orthopedic physician and returned to the hospital to have an M.R.I., but SCI Somerset's Health Care Administrator "chose an alternative treatment," including physical therapy with Defendant Mason. Davis alleged that Mason prescribed weightlifting exercises that caused Davis further injury, and that although Davis told Mason that the weightlifting was extremely painful to him, Mason nevertheless insisted that Davis continue the exercises. Davis further alleged that he told Defendant Nurse Swanhart that he was in extreme pain, but she refused him treatment. Davis then submitted to prison officials a written request to be seen by the doctor, but the request slip was returned to him with a note from Defendant Puskar, who instructed Davis to wait for a response to a grievance that Davis had earlier filed. Davis alleged that Puskar's response was made in retaliation for Davis's grievance.

2

After Defendant Mason and Defendants Gehlmann, Thomas, Puskar, and Rozum filed motions to dismiss, the Magistrate Judge recommended that the complaint be dismissed as to all defendants for failure to state a claim. The District Court adopted the Magistrate Judge's Report and Recommendation and concluded that Davis's amended complaint had failed to allege even negligence as to any defendant, much less deliberate indifference. The District Court ordered that the complaint be dismissed without further leave to amend.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal for failure to state a claim under a plenary standard. See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (per curiam). Dismissal is appropriate where the pleader has not alleged "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We may affirm on any basis supported by the record. See Brown v. Pa. Dep't of Health Emergency Med. Servs., 318 F.3d 473, 475 n.1 (3d Cir. 2003).

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show 1) deliberate indifference by prison officials to 2) the prisoner's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). In order to find deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

3

exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted). Claims of negligence or medical malpractice do not constitute deliberate indifference. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

We agree with the District Court that the allegations contained in Davis's complaint do not plausibly state a claim that the defendants acted with deliberate indifference to Davis's medical needs. With respect to the non-medical defendants Thomas, Rozum, and Gehlmann, Davis failed to allege that these defendants were personally involved with or had knowledge of his medical care. Davis apparently sought to impose liability based solely on these defendants' supervisory positions, but liability in a civil rights action must be predicated upon personal involvement, not on the basis of respondeat superior. Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981).

With respect to Puskar, his sole involvement appears to be in reviewing Davis's note requesting to see the doctor and referring him to the grievance process. As nonmedical personnel, Puskar is entitled to presume the competence of medical staff in treating a prisoner, meaning that his conduct cannot, without much more, amount to "deliberate indifference." See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

4

Davis also failed to state a retaliation claim against Puskar. "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotation marks and citations omitted). Davis has arguably engaged in conduct protected by the First Amendment by filing a grievance concerning the medical care he was receiving.[1] However, the alleged retaliation – Puskar's advising Davis to await the outcome of his ongoing grievance before filing a repetitive request – does not plausibly rise to the level of "adverse action" because it would not be sufficient to deter a person of ordinary firmness from exercising his First Amendment rights. See McKee v. Hart, 436 F.3d 165, 170-71 (3d Cir. 2006).

We also agree with the District Court's decision to dismiss Davis's claims against medical defendants Mason and Swanhart. Davis's allegations regarding the weightlifting regime prescribed by Mason constitute at most a disagreement with the type of care he was provided and do not support a claim of deliberate indifference. See Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). With respect to Swanhart, Davis's allegation that she did not sufficiently react to his complaint of pain

---

[1] In recommending the dismissal of Davis's retaliation claim, the Magistrate Judge relied on the lack of a causal link between Davis's grievance and Puskar's response. We need not decide that question here but observe that timing can be suggestive enough to supply, for purposes of 12(b)(6), the required causal link. See Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989).

5

does not substitute for a plausible allegation that she actually knew Davis required medical treatment other than that which he was already receiving.  See Schieber v. City of Phila., 320 F.3d 409, 421 (3d Cir. 2003).

With regard to Davis's claims against Rozum and Gehlmann concerning the maintenance of the walkways, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."  Whitley v. Albers, 475 U.S. 312, 319 (1986).  Here, the allegations contained in the amended complaint, taken as true, assert a simple negligence claim at most, and thus do not state a claim of a constitutional violation under the Eighth Amendment.

Finally, under the circumstances presented here, where the plaintiff has already amended his complaint once, the District Court was not obliged to give Davis additional leave to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).